Per Curiam.

As disclosed by the bill of exceptions, plaintiff admitted signing the two papers at the garage at the request of a garage attendant, alleged to be defendant’s representative. The paper titled “Certificate of Satisfaction” purports to release defendant, upon payment of the sum stated, of all claims for damage to plaintiff’s automobile caused by defendant and states that the automobile has been completely repaired to plaintiff’s satisfaction. The paper titled “Release in Full of All Claims” contains across the top thereof the word, “Release,” in large bold-face type and to the left of plaintiff’s signature, in large boxed-in bold-face type, the words, “This is a Release in Full.” It is a release of all claims by reason of damage, loss or injury sustained by plaintiff as the result of the collision.
With reference to his conversation with the garage attendant at the time he signed the papers, plaintiff testified as follows:
“Q. And when you went in there, did you have a conversation with the man who had your car? A. # m * I said, ‘I have *535 got to get my car and that is the only way I have got to get to work. ’ I told him that in the first place and regardless what it would have been, whether it would have been a receipt or a release or whatever it was, I would have had to sign it because I had to go to work.
(( # # #
“A. * * * He said, ‘Sign right here.’ I didn’t pay no attention to nothing.
<< * * *
“Q. But you don’t know whether it [the release] was covered up or not? A. When I signed this, as far as me seeing ‘release’ and all that, as far as me reading this, the man didn’t ask me to read nothing. And he said, ‘Sign this and you will get your ear.’ And 1 signed it and that was all there was to it.”
Plaintiff’s own testimony shows clearly that defendant was not at the place where the certificate of satisfaction and the release were signed, and at the time of the signing plaintiff was told that if he paid the repair bill in money he could have his automobile without signing any papers. The record does not disclose whether the garage attendant was acting for his employer, the garage owner, or for defendant in demanding either the money or the signing of the certificate and release. The fact that the attendant demanded either the payment of money or the signing of the release, so payment would be made by the insurer, before surrendering possession of the automobile tends to prove that the attendant was acting in the interest of his employer rather than that of defendant. There is no evidence that the attendant attempted to prevent plaintiff from reading the release before he signed it.
Facts constituting fraud in the factum are not pleaded, and there is no evidence to support allegations of that character if they were pleaded. The evidence does not require the conclusion as a matter of law that there was fraud in the inducement. A person of ordinary mind cannot say that he was misled into signing a paper which was different from what he intended to sign when he could have known the truth by merely looking when he signed. Dice v. Akron, Canton & Youngstown Rd. Co., 155 Ohio St., 185, 98 N. E. (2d), 301, paragraph one of the syllabus.
*536 The trial court was not in error in overruling plaintiff’s motion to permit the case to go to the jury on all issues and in first sitting as a trier of facts on the issue of fraud in obtaining the release. Dice v. Akron, Canton & Youngstown Rd. Co., supra, paragraphs two, three and four of the syllabus.
Plaintiff claims the judgment in the Dice case was reversed by the Supreme Court of the United States (Dice v. Akron, Canton & Youngstown Rd. Co., 342 U. S., 359, 96 L. Ed., 398, 72 S. Ct., 312). That court held that in an action in a state court under the Federal Employers Liability Act the question of the validity of a release granted to a carrier by an injured employee is a federal question to be determined by federal rather than state law. The reversal was on that ground. That reversal did not in any way modify the law of Ohio as determined by this court in dealing with procedure in challenging the validity of a release, where a federal law is not involved.
The judgment of the Court of Appeals is reversed, and that of the trial court is affirmed.

Judgment reversed.

Weygandt, C. J., Matthias, Hart, Zimmerman, Stewart, Bell and Taft, JJ., concur.